UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGG HANSEN,

    Plaintiff,

    v.

MARIN GENERAL HOSPITAL, et al.,

    Defendants.

Case No. 17-cv-03473-WHO

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

Plaintiff Gregg Hanson needs dialysis and is unhappy with his treatment in Marin County. That much is clear from his Second Amended Complaint ("SAC"). (Dkt. No. 52). But the SAC contains more than a hundred pages of vague and confusing allegations interspersed with summaries and attachments. Two of his claims against the Centers for Medicare and Medicaid Services ("CMS") are clearly barred, and no claim against any defendant is plausibly pleaded. For the reasons discussed below, I GRANT defendants' motion to dismiss.

## BACKGROUND

### I. FACTUAL BACKGROUND

As I understand the SAC, Hanson received liver and pancreatic transplants at the University of California Medical Center in Los Angeles following a 2009 car accident. SAC ¶7. Subsequently, he began to receive dialysis at Satellite Dialysis in Marin County, where defendant Dr. Lorance Levy is the medical director. *Id.* ¶8. Hanson alleges that Levy routinely mistreated him during his dialysis treatments. *Id.* ¶33. Furthermore, Hanson alleges that Levy lied to defendant Swedish Medical Center regarding his compliance status with UCLA, resulting in Hanson's denial of a kidney transplant. *Id.* Levy allegedly blacklisted Hanson from Satellite Medical and all other dialysis centers in Marin County. *Id.* ¶¶24-27.

1  Because he was blacklisted, Hanson was forced to receive his dialysis through the emergency room at defendant Marin General Hospital ("MGH"). Hanson received only one treatment per week at MGH despite needing dialysis three times a week for three and a half hours. *Id.* ¶28. He also asserts that after Medicare stopped paying for his dialysis treatment, the security guards and nurses at MGH verbally, physically, and emotionally abused him constantly. *Id.* ¶34. During this time, both Hansen and the MGH employees called the police on multiple occasions to resolve disputes prior to or following Hanson's dialysis treatment. *Id.* ¶¶35-36.

## II. PROCEDURAL BACKGROUND

Hanson filed this action in the Superior Court of California, County of Marin on April 4, 2017. Notice of Removal, Ex. A at 1 (Dkt. No. 1-1). The defendants are Dr. Lorance Levy; Dr. Genevieve Estilo; Marin Nephrology; Marin General Hospital ("MGH"); Anthem Blue Cross Life and Health Insurance Co. ("Anthem"); Sutter Health; Satellite Dialysis; CMS; and Swedish Medical Center. The case was removed to the Northern District of California on June 15, 2017. Notice of Removal at 1 (Dkt. No. 1). Hanson filed the SAC on September 26, 2017 asserting five causes of action: (1) violation of California's Unfair Competition Law; (2) malpractice; (3) discrimination; (4) breach of contract; and (5) monopoly. Defendants now move to dismiss all claims of action.

## LEGAL STANDARD

Under Rule 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." The short and plain statement requirement is not a heavy one, plaintiffs are not required to set out the facts supporting their claim in detail, but just a statement of the claim "'that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

That said, under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6)

2

motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Pro se pleadings must be held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, a complaint, or portion thereof, should be dismissed if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 554. "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

**DISCUSSION**

**I. FAILURE TO STATE A CLAIM**

**A. Malpractice**

In order to sufficiently plead medical malpractice, a plaintiff must allege: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting

3

from the professional's negligence." *Jackson v. Johnson*, 5 Cal. App. 4th 1350, 1355 (1992). For purposes of establishing breach of duty in a medical malpractice case, a plaintiff must show that the physician's performance fell before the "care ordinarily possessed and exercised by members of the medical profession under similar circumstances." *Avivi v. Centro Medico Urgente Med. Cntr.*, 159 Cal. App. 4th 463, 470 (2008).

Hanson brings his malpractice claim against all defendants except for Anthem. In Hanson's allegations for "malpractice," he alleges that Levy, Estill, and MGH have acted to deny him the medical attention that he needs and that Sutter Health, as his primary doctor, would only refer him to Levy for treatment. Further, Hanson claims that Swedish Medical continues to deny him a kidney transplant on the word of Levy. Hanson contends that he has proven that Levy's opinion is untrue. He also alleges that the same doctor who harmed him at Satellite Dialysis is in charge at MGH and that because of the rules Medicare put into place, the doctors at MGH harass him.

These allegations are not sufficient to state a claim for malpractice against any of the defendants. Hanson must clearly state how each defendant in this cause of action individually has a duty to him and breached that duty, causing actual loss or damage. He should further state when the malpractice occurred. The statute of limitations for a medical malpractice suit is either three years after the date of the injury or one year after the plaintiff discovers, or using reasonable diligence should have discovered, the injury. Cal. Code of Civ. Pro § 340.5. The one-year limitation period commences when a plaintiff suspects or should suspect that a doctor's wrongdoing caused his injury. *Kitzig v. Nordquist*, 81 Cal. App. 4th 1384, 1391 (2000).

Hanson makes allegations on the face of the SAC that suggest that the statute of limitations bars his malpractice claim as it is currently alleged. In a collection of emails, a January 2, 2015 email sent by Hanson threatened litigation against the recipient as a result of his injury. SAC at 14. It is not clear from the attachments who received Hanson's email. Consequently, Hanson's malpractice claims for that conduct were time barred as early as January 2, 2016, over a year before he filed this suit. But Hanson's allegations clearly demonstrate that he continues to receive dialysis treatment in Marin County. If he is able to allege wrongful conduct arising to malpractice

4

and occurring within the statute of limitations, I will give him one final opportunity to do so.

There are also potential jurisdictional problems as to Hanson's claim against CMS. Unless Congress expressly waives sovereign immunity, the U.S. cannot be sued. *United States v. Mitchell,* 445 U.S. 535, 538 (1980). The Federal Torts Claims Act provides a waiver of sovereign immunity for damages for "injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment." 28 U.S.C. § 2672. Hanson has not put forth any allegations that any of the other defendants are CMS employees. Further, even if he alleges so, the FTCA requires that anyone filing an action against the United States for money damages must exhaust administrative remedies. *Id.* In order to maintain a malpractice action against CMS, Hanson will need to demonstrate the filing of an administrative tort claim of medical malpractice. It is unclear whether he is able to do so.

Accordingly, Hanson's malpractice claim is DISMISSED with leave to amend as to all defendants.

### B. Discrimination

Hanson's cause of action for discrimination appears to result from two independent actions: (1) the harassment and rejection of his service dog and (2) how he was questioned during examination at Swedish Medical and the subsequent denial of a kidney. I cannot determine the theory of discrimination from the contents of the complaint and its attachments. In order to properly plead facts sufficient for a claim of discrimination, Hanson must allege an ascertainable theory of discrimination. For example, he could allege that he received different treatment from the defendants on an improper basis, such as his race, disability status, religion, or gender or some other qualifying reason, and how he was damaged by it. Because Hanson's theory of discrimination is unclear, I cannot conclusively determine whether and how sovereign immunity affects his discrimination claim against CMS. Accordingly, I GRANT defendants' motion to dismiss with leave to amend. If Hanson chooses to amend his discrimination claim, he should consider whether a claim against CMS is viable given sovereign immunity.

### C. Breach of Contract

In order to sufficiently plead a breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance or excused non-performance; (3) defendant's breach; and (4) resulting harm to plaintiff. *Acoustics, Inc. v. Terpte Construction Co.*, 14 Cal. App. 3d 887, 913 (1971). In his complaint, Hanson alleges that defendants contracted together to get him through the kidney transplant process. He further asserts that defendants violated federal regulations during this time, and when Medicare stopped paying for his dialysis, defendants retaliated against him. These allegations are not sufficient to plead a claim of breach of contract. In order to sufficiently plead breach of contract, Hanson will need to allege the contract that each defendant had with him and how he, she or it breached it.

As to CMS, there is a jurisdictional issue with Hanson's pleadings. Though Hanson does not explicitly state his damages, as he said at the hearing, they clearly exceed $10,000. To the extent that the alleged damages are above $10,000, the United States Court of Federal Claims has exclusive jurisdiction. Tucker Act, 28 U.S.C. § 1491(a)(1); *see also Tritz v. U.S. Postal Service*, 721 F.3d 1133, 1137 (9th Cir. 2013). No jurisdiction exists for this Court to hear the breach of contract claim against CMS. Accordingly, I GRANT CMS's motion to dismiss for the breach of contract claim with prejudice. As to the other defendants, I GRANT their motions with leave to amend.

### D. Monopoly

Hanson did not sufficiently plead his "monopoly" cause of action. There are countless antitrust laws, and it is unclear what type of claim he is attempting to bring. If I assume that the claim is for monopolization under section 2 of the Sherman Act, he must allege: (1) the possession of monopoly power in the relevant market; (2) the willful acquisition or maintenance of the monopoly power; and (3) a causal antitrust injury. For purposes of establishing "a causal antitrust injury," a plaintiff must demonstrate unlawful conduct that causes injury to the plaintiff and said injury is the type of injury the law was intended to prevent and is the very reason the conduct is unlawful. *Somers v. Apple, Inc.*, 729 F.3d 953, 963 (9th Cir. 2013).

In the complaint, Hanson seems to contend that the defendants have worked together to

monopolize the dialysis market in Marin County. This is not sufficient. He must provide specific facts that meet the elements described above, or identify another antitrust basis on which to proceed. Hanson's antitrust theory is unclear, so I cannot conclusively determine whether and how sovereign immunity affects his monopoly claim against CMS. Accordingly, I GRANT defendants' motion to dismiss with leave to amend. But if Hanson chooses to amend his monopoly claim, he should consider whether a claim against CMS is viable given sovereign immunity.

### E. California's Unfair Competition Law

Although Hanson's UCL claim is his first cause of action, I address it last because he must allege either an "(1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir.2003). Unlawful, unfair, and fraudulent are three separate prongs of the UCL. *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). "Unlawful" practices are any practices forbidden by law. *People v. McKale,* 25 Cal.3d 626, 632 (1979). "Unfair" simply means any practice whose harm to the victim outweighs its benefits. *Motors, Inc. v. Times Mirror Co.* 102 Cal. App. 3d 735, 740 (1980). "Fraudulent," as used in the statute, does not refer to the common law tort of fraud but only requires a showing members of the public "are likely to be deceived." *Bank of the West v. Superior Court,* 2 Cal. 4th 1254, 1267 (1992).

As shown above, Hanson has not alleged facts that clearly identify an unlawful, unfair, or fraudulent business practice or act performed by any defendant. Hanson also has not alleged sufficient facts that he suffered an economic loss cause by any of the defendants. Such allegations are essential to sustain a UCL cause of action.

As to Hanson's alleged UCL claim against the CMS, CMS argues that sovereign immunity bars this claim. It is correct. Congress has not waived sovereign immunity as it relates to claims under California's UCL. Accordingly, the UCL claim against CMS is DISMISSED with prejudice. As to the other defendants, the claim is DISMISSED with leave to amend.

### II. SHORT AND PLAIN STATEMENT

I explained at the hearing that if Mr. Hanson amends his complaint, he needs to do so in an

organized way that explains the material allegations he is making with respect to each cause of action. He must also be succinct, because Rule 8 of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that would entitled him to relief. The SAC is bloated and confusing, and both the defendants and I are at a loss as to what specific claims and allegations Hanson makes against each of them. He must state his causes of actions, the elements of those claims, and facts that plausibly allege each element. This is best accomplished without the reference to the outside exhibits and summaries he has used thus far.

**CONCLUSION**

For the foregoing reasons, the UCL and the breach of contract claims are DISMISSED with prejudice as to CMS. The remaining claims are DISMISSED without prejudice and with leave to amend. Hanson has 30 days from the date of this Order to amend his complaint. I do not anticipate allowing further amendment if he is unable to state a claim at that time.

Hanson may wish to seek assistance with the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling (415) 782-8982 or signing up for an appointment on the 15th Floor of the Courthouse, Room 2796. At the Legal Help Center, Hanson may speak with an attorney who may be able to provide basic legal help, but not legal representation. The Court also urges plaintiff to obtain a copy of the Pro Se Handbook, available free of charge from the Court's website (www.cand.uscourts.gov) or in the Clerk's Office on the 16th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.

**IT IS SO ORDERED.**

Dated: December 21, 2017

William H. Orrick
United States District Judge