UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG HANSEN,<br><br>  Plaintiff,<br><br> v.<br><br>MARIN GENERAL HOSPITAL, et al.,<br><br>  Defendants. | Case No. 17-cv-03473-WHO<br><br>**ORDER ON MOTION FOR LEAVE TO RECONSIDER OR CLARIFY** |

Defendants Dr. Levy and Dr. Estilo request leave to file a motion reconsideration, or in the alternative, for clarification of my recent Order granting in part and denying in part their and other defendants' motions to dismiss. Dkt. No. 137. This group of defendants argue that my prior Order should be modified to: (i) require Hansen to remove any time-barred allegations (*i.e*., claims arising before April 4, 2016) in his Fourth Amended Complaint, so that defendants do not need to move to strike them and otherwise know how to craft their eventual answer; (ii) grant the motion to dismiss as to Dr. Estilo with prejudice or leave to amend with Hansen being required to include in his Fourth Amended Complaint (as opposed to his exhibits) a description of the specific non-time-barred claims against Estilo[1]; and (iii) confirm or clarify these defendants have a right to move to dismiss against the medical malpractice claims if Hansen amends those claims with respect to Drs. Levy and Estilo in his Fourth Amended Complaint.

The motion for leave to file a motion for reconsideration is DENIED but the request for clarification is GRANTED to the following extent:

---

[1] These defendants complain with cause that because in prior orders I directed Hansen to not rely on exhibits but include his allegations in the body of the complaint, they did not expect my September 24, 2018 Order to go outside the body of the Third Amended Complaint (TAC) and rely on material from the exhibits.

If Hansen files a Fourth Amended Complaint (which is due by **Monday, October 15, 2018**), Estilo may move to dismiss the medical malpractice claim asserted in the TAC[2] as well as against any additional, specifically identified incidents of medical malpractice Hansen includes in the Fourth Amended Complaint that occurred on or after April 4, 2016. Similarly, if Hansen alleges in his Fourth Amended Complaint new, specifically identified incidents of medical malpractice that occurred on or after April 4, 2016 against Dr. Levy, Levy made move to dismiss those new claims as well.

If, however, Hansen does not file a Fourth Amended Complaint, as with the ADA/discrimination claim as clarified against Dr. Levy and MGH, Estilo may move to dismiss the medical malpractice claims as clarified in the September 24, 2018 Order by Monday November 5, 2018.

As to the time-barred claims, no further relief is warranted. I have made it clear that no medical malpractice claims can be stated for incidents that occurred prior to April 4, 2016. It would be helpful, if Hansen files a Fourth Amended Complaint, for Hansen to omit the time-barred claims from that amended pleading. However, Hansen is proceeding pro se and requiring him to comply with additional steps (or setting up grounds for more defense motions) that will not help move this case to a ruling on its merits is not useful. Hansen will not be allowed to proceed with time-barred claims and defendants will be able to craft their eventual answer accordingly.

**IT IS SO ORDERED.**

Dated: October 4, 2018

William H. Orrick
United States District Judge

---

[2] Those claims, as noted in the September 24, 2018 Order are based on allegations at ECF pgs. 34 and 66 in the exhibits to the TAC.