UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG HANSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIN GENERAL HOSPITAL, et al.,<br><br>    Defendants. | Case No. 17-cv-03473-WHO<br><br>**ORDER LIMITING SCOPE OF CASE**<br><br>Re: Dkt. Nos. 173, 174, 175 |

In Civil Minutes following the May 7, 2019 Case Management Conference, I ordered plaintiff Gregg Hansen to provide the remaining defendants (Marin General Hospital, Lawrence Levy, Genevieve Estilo, and Marin Nephrology) with a list of: (1) the dates he alleged dialysis was denied or delayed; (2) the dates that his ADA rights were violated, and (3) a list of any agreements he believes were breached. Dkt. No. 173. Mr. Hansen was required to turn over that information by June 18, 2019. *Id*. I specifically warned Mr. Hansen that "[f]ailure to provide that information may result in dismissal of the litigation." *Id*. In that Order, defense counsel were directed to advise me of any non-compliance with my Order by June 25, 2019, and Hansen was given leave to respond by July 2, 2019.

On June 25, 2019, defense counsel notified me that Hansen had failed to comply with my very explicit directions (Notices). The Notices were served by mail on Hansen. Dkt. No. 174-1, 175-2. Hansen has not, as of the date of this Order, filed any response to defense counsel's Notices.

The Notices filed by defense counsel included all emails they had received from or sent to Hansen between May and June 25, 2019. In those emails, Hansen explained his difficulties with securing copies of his treatment records from MGH and also an inability to access his emails from 2018. Declaration of Kevin P. Kelly [Dkt. No. 175], Exs. A, E.

In two of his emails Hansen identified twenty dates where he believed the ADA was violated and/or medical malpractice committed, but those dates were all for service or attempted service in 2019 and all post-date the filing of the Fourth Amended Complaint. Kelly Decl., Ex. B (identifying eleven dates in 2019), Ex. C. (identifying nine dates in 2019). Hansen also asked counsel to stipulate that Hansen intended to include as dates of ADA violations every one of his 300 visits to MGH over the last three years. *See* Kelly Decl., Exs. B, D, [Dkt. No. 175] Ex. F. at 1. Defense counsel refused to so stipulate. Kelly Decl., Ex. D; Letter from Michael Garvin [Dkt. No. 174], at ECF pg. 19 of 41.

In these email exchanges, Hansen did not identify any specific dates regarding ADA/service dog violations or incidents of medical malpractice in 2018, 2017 or 2016. Likewise, Hansen did not identify any specific contracts he claims MGH breached.

As such, defendants ask me to dismiss this case for Hansen's failure to comply with my Order. Dkt. Nos. 174, 175.

I will not dismiss this case, as Hansen *did identify* some dates of alleged malpractice (substandard treatment or refusal of treatment), as well as ADA violations and documents he contends are contracts breached by MGH in his Fourth Amended Complaints and attachments thereto. I will, therefore, **limit the scope of this case to those specific dates and contracts.**

The 2019 dates identified by Hansen in his June 2019 correspondence cannot be included within the scope of this case because they post-date the filing of his Fourth Amended Complaint. Finally, Hansen's assertion in his emails to defense counsel that he wants to allege an ADA violation for every date he sought or received service at MGH for the past three years is not what was required by my order and it not appropriate. Hansen, by his own admissions in the attachments to his Fourth Amended Complaint notes that he did not always bring his dog with him for dialysis treatment.

As I noted in the last Case Management Conference, this case must move forward and defendants must be able to investigate the claims and prepare their defense with respect to *specific dates*. Therefore, the medical malpractice, ADA, and breach of contract claims are limited to the dates and contracts identified below.

**Medical Malpractice Claims Against Levy, Estilo & Marin Nephrology**

This case will be limited to the specific dates identified by Hansen in his Fourth Amended Complaint and the exhibits attached thereto. With respect to Levy or Estilo, that includes the following allegations of denials of or negligent treatment: **December 6, 2016, April 16, 2017, September 14, 2017, and January 4-7, 2018.** 4AC ¶¶ 28-30, Dkt. No 142 at pgs. 48, 65 of 99. For the additional dates ranges identified below for medical malpractice against MGH, if Levy or Estilo were directly involved in making decisions regarding Hansen's medical treatment or refusal of treatment at MGH, these dates may be asserted against Levy or Estilo as well.

**Claims Against MGH**

Medical Malpractice. The same dates I have found included in this case as to Levy or Estilo are likewise included as to MGH. In addition, the following dates are included for treatment or denial of treatment at MCH based on allegations and attachments to Levy's Fourth Amended Complaint: April 16, 2016, October 6 through October 8, 2016, October 27, 2016, December 10, 2016, December 14, 2016, as well as treatment dates in March 2017 and December 2017.[1] *See* 4AC at ECF pgs. 41-42, 45-51, 63, 69 of 99. If no treatment was provided during any of those dates, the claim may survive only as an ADA claim.

ADA. The ADA claims include only the dates specifically referenced in Hansen's Fourth Amended Complaint and the exhibits thereto: October 2016, March 2017, June 2017, July 2017, September 2017, January 2018, August 2018. 4AC ¶¶ 34-37, 66, 90-95; *see also* Dkt. No. 142 at ECF pg. 42-43, 65 of 99.

Breach of Contract – in his correspondence with defense counsel, Levy has not identified any specific contracts he claims MGH has briefed. The only contracts in this case, therefore, are those he identified in his Fourth Amended Complaint. Dkt. No. 142 ECF pgs. 91-99 (January/February 2018 and September 2018 dates of service).

---

[1] The specific dates of treatment within these two months, as well as the months identified with respect to the ADA claim, are not clearly identified in the Fourth Amended Complaint or exhibits. But the burden on defendants to identify through their own records the dates of service for these months is minimal and Hansen will, through discovery, be required to identify the specific dates within those limited ranges he believes are actionable. Requiring defendants to do this for months *not* identified in the Fourth Amended Complaint, however, is neither reasonable nor required.

3

**THESE ARE THE ONLY DATES AND CONTRACTS that remain at issue in this case**. Discovery is limited to these dates and contracts.

**IT IS SO ORDERED.**

Dated: July 22, 2019



William H. Orrick
United States District Judge